UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRESTON G. DEMOUCHETTE JR. (#90331)

VERSUS                                              CIVIL ACTION

JAMES D. CALDWELL ET AL                             NUMBER 14-123-BAJ-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 16, 2014.

                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRESTON G. DEMOUCHETTE JR. (#90331)

VERSUS                                          CIVIL ACTION

JAMES D. CALDWELL ET AL                         NUMBER 14-123-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Attorney General James D. Caldwell, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain, District Attorney Michael Harson and District Attorney J. Phil Haney seeking monetary damages for false imprisonment. Plaintiff is serving a 99 year sentence imposed following his 1976 conviction for armed robbery in the Sixteenth Judicial District, and it is this conviction and sentence that he claims resulted in his false imprisonment. Plaintiff alleged that the state court lacked subject matter jurisdiction to prosecute him.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 was denied because on three prior occasions during detention, the plaintiff brought an action that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.[1]

---

[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception.

2

On March 28, 2014, the plaintiff was granted 21 days from the date of the order to pay the court's filing fee in the amount of $400.00. Plaintiff filed a Motion Objecting to Magistrate's -Order From: March 28, 2014; Pursuant to - Civ. R.-46 and Civ.R. - 72(A); and Civ.R. - 72(B), which was treated as an appeal of the order denying in forma pauperis status.[2] The motion was denied.[3]

A review of the record showed that more than 60 days has passed since the plaintiff's motion/appeal was denied. Despite clear notice that he must pay the full filing fee and ample time to do so, the plaintiff has failed to pay the filing fee. Therefore, the plaintiff's § 1983 complaint should be dismissed.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's § 1983 complaint be dismissed without prejudice for failure to pay the filing fee.

Baton Rouge, Louisiana, June 16, 2014.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 6.

[3] Record document number 7.